————o————

No. 6038.

## F. HOLLANDER & CO. vs. M. E. CATALANATTO.

### Syllabus.

The judgment of the lower Court upon questions of fact will not be reversed unless clearly erroneous.

Appeal from the Civil District Court for the Parish of Orleans, Division "D," No. 101,913. Hon. Porter Parker, Judge.

Sol Weiss, for plaintiff and appellee.

Lazarus, Michel & Lazarus, for defendant and appellant.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree of the Court, as follows:

Plaintiff alleges that he sold and delivered to Joseph Catalonatto merchandise to the amount of two hundred and forty-one 86/100 dollars which remain unpaid, and that the defendant, M. E. Catalanatto, bound himself as surety for said Joseph Catalanatto, who is his father. The

defense is that plaintiff received from Joseph Catalanatto, as security for the debt, a gold watch and chain worth $250, sufficient to extinguish the debt; which plaintiff still has or should have in his possession, and if he has disposed of it, he did so without the consent of defendant and for that reason plaintiff is answerable to defendant for the full value thereof.

There was judgment for plaintiff for the full amount claimed, $241.86 and the defendant has appealed.

Plaintiffs admit that the watch was left with them by Joseph Catalanatto, but that another son of Joseph Catalanatto, named Nicholas Catalanatto, purporting to act for his father, redeemed the watch on payment of $75 which have been credited to the bill; so that there is only due plaintiff now the sum of $166.86. This sum of $75 was paid since the filing of the suit, and before the filing of the answer.

Nicholas Catalanatto says that plaintiffs sold the watch to him for $75 on the written condition that he would return it on demand; that he sold the watch for $200 to one M. P. Folse who lives in the city, but that he does not know where; that he did not tell any one he had bought the watch and that he sold it without informing his father.

Joseph Catalanatto testifies that he did not authorize his son to get the watch nor to sell it; that his son told him that Folse lived in Mississippi.

This case turns upon a question of fact whether Joseph Catalanatto sent his son to get his watch, and gave him the money to redeem it, whether his son sold the watch, and whether it was worth more than $75. The Judge of the lower Court saw and heard the witnesses and decided this question of fact against the defendant. We have read the testimony and we believe that he decided correctly.

"The judgment of the lower Court on questions of fact will not be disturbed, unless we are satisfied that it is wrong. In the case of **De St. Romes vs. Carondelet Canal, 24 A., 332,** the plaintiff and her two sons gave testimony tending to contradict the return of a Sheriff who was dead at the time the testimony was given. But the Court said the return of the Sheriff outweighed the testimony of the three members of the same family.

But it is evident that an oversight was committed in rendering and signing judgment for the whole amount claimed of $241.86 while plaintiffs admit the credit of $75.00.

It is therefore ordered that the judgment of the lower Court be amended by reducing the same to the sum of one hundred and sixty-six 86/100 dollars and that plaintiffs pay the costs of this appeal.

Judgment amended and affirmed.

Opinion and decree, March 23, 1914.

Rehearing refused, April 20, 1914.